9 F.3d 1549
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Anthony E. THOMAS, Petitioner-Appellant,
v.
Daniel R. MCBRIDE and Indiana Attorney General, Respondents-Appellees.
 No. 92-2717.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 14, 1993.
Decided Nov. 16, 1993.
 
 1
 Before CUMMINGS, and COFFEY, Circuit Judges, and ZAGEL, District Judge.*
 
 ORDER
 
 2
 This appeal arises from the denial of a writ of habeas corpus, 28 U.S.C. § 2254, by the District Court for the Northern District of Indiana. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 3
 The petitioner-appellant Anthony Thomas ("Thomas"), currently incarcerated in the Westville Correctional Center, Westville, Indiana, was convicted by an Indiana jury of attempted rape and confinement. He was sentenced to 15 years for the attempted rape conviction and to 2 years for the confinement conviction, the sentences to run concurrently. Ind.Code Ann. §§ 35-41-1(a)(1), 35-41-5-1(a), 35-42-3-3(a). Thomas' counsel at trial was Chris Zoeller ("Zoeller"). Thomas' convictions were upheld on direct appeal by the Indiana Supreme Court. Thomas v. State, 519 N.E.2d. 143 (Ind.1988). Charles Beck ("Beck"), Thomas' counsel for that appeal, raised two issues: that the evidence was insufficient to support the conviction and that an error had been made in sentencing. Beck died soon after Thomas' opening brief for his direct appeal was filed and was replaced by Craig Turner. Neither Beck nor Turner filed a brief in reply to the state's brief. Subsequent to the denial of his direct appeal, Thomas--acting pro se--sought post-conviction relief in the state trial court. In 1990 this relief was denied, a determination later affirmed by the Court of Appeals of Indiana. The Indiana Court of Appeals--the last state court to rule on Thomas' case prior to the commencement of this federal habeas action[1]--held:
 
 
 4
 (1) that Thomas' ineffective assistance of trial counsel claim had been waived as a result of his failure to raise the issue on direct appeal;
 
 
 5
 (2) that Thomas' claim that his post-Miranda silence had been used against him had likewise been waived;[2] and
 
 
 6
 (3) that Thomas' appellate counsel had not been ineffective.
 
 
 7
 Thomas v. Indiana, No. 49A04-9009-PC-456 (Ind.Ct.App.1991) (unpublished). Other claims of error were made by Thomas in his motion to the Indiana trial court for post-conviction relief. These claims were not addressed subsequently by the Court of Appeals of Indiana. Since these unaddressed claims were not raised by Thomas in this 28 U.S.C. § 2254 action, they are not discussed herein.
 
 
 8
 In March of 1992, Thomas filed a habeas petition in the District Court of the Northern District of Indiana. Thomas' petition for habeas corpus raised the three claims addressed by the Indiana Court of Appeals. While the Indiana court had held that Thomas had waived two claims, the district court disagreed and held that there had been no waiver. The court, however, found against Thomas on the merits. This is the correct outcome. Thus even though the district court should not have reached the merits of Thomas' claims, its ruling is affirmed.[3]
 
 
 9
 "When a state-law default prevents a state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in Federal court." Ylst v. Nunnemaker, 111 S.Ct. 2590, 2593 (1991) (citing Wainwright v. Sykes, 433 U.S. 72, 87-88; Murray v. Carrier, 477 U.S. 478, 485-492). Here the Indiana Court of Appeals explicitly ruled in Thomas' state post-conviction proceeding that Thomas had waived his ineffective assistance of trial counsel claim and his post-Miranda-silence claim by not raising them on direct appeal. To circumvent this procedural default, Thomas must demonstrate sufficient cause to excuse the waiver and actual prejudice attributable thereto. Wainwright v. Sykes, 433 U.S. at 87; Murray v. Carrier, 477 U.S. 478, 485-492; Bobo v. Kolb, 969 F.2d 391, 400 (7th Cir.1992). He cannot meet this burden. Thomas contends that the cause of the failure to raise the defaulted claims on direct appeal was ineffective assistance of appellate counsel (Reply Br. 1). He is correct that ineffective assistance of counsel is sufficient cause to excuse a procedural default, Murray v. Carrier, 477 U.S. at 488, but only if actual prejudice is shown. Id.; Balfour v. Haws, 892 F.2d 556, 563 (7th Cir1989). Thus even if this Court were to conclude that Beck's conduct fell outside the wide range of reasonable effective assistance, Thomas must demonstrate--if he is to overcome the state-law procedural default--that he was prejudiced by Beck's failure to raise either the ineffective assistance of trial counsel claim or the post-Miranda-silence claim. He cannot--for the simple reason that both claims lack merit.
 
 
 10
 Thomas was not denied effective assistance of trial counsel. Thomas argues that his trial attorney, Zoeller, should have: (1) moved the trial court for the separation of certain witnesses; (2) requested a continuance upon receipt of additional discovery material; (3) objected to the inadequate chain of custody of victim's clothing; and (4) should not have put Thomas on the stand (thereby opening the door to cross-examination regarding his criminal record). To establish ineffective assistance of counsel, Thomas must demonstrate, as an initial matter, that his counsel's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. at 668, 686-687. This Court presumes that counsel's conduct falls within the range of acceptable professional conduct. Id. at 689. Although Thomas' brief second-guesses Zoeller's decisions, it fails to overcome this presumption by demonstrating that Zoeller's choices were unreasonable given the circumstances.
 
 
 11
 In fact, Zoeller's actions appear to have been altogether reasonable. The witnesses that Thomas asserts should have been separated had, prior to trial, given statements which were consistent with one another (Zoeller Testimony, R. 409-410). Zoeller therefore reasonably believed that separation of the witnesses was unnecessary. Similarly, since the additional discovery material did not contain information materially different from previously discovered material (Zoeller Testimony, R. 408-409), his failure to request a continuance was reasonable. Moreover, Thomas does not indicate anywhere in his brief why he believed this late-arriving material necessitated a continuance. Zoeller was also justified in not objecting to the chain of custody of the victim's clothes: there is no indication that the evidence in question had been tampered with. Finally, allowing Thomas to testify was a reasonable strategic decision: Zoeller could legitimately have concluded that the testimony Thomas would offer outweighed the possible effects of revealing his criminal record. Even if this Court were to hold that Zoeller's actions were unreasonable, Thomas would still have the burden of demonstrating that but for Zoeller's unprofessional errors there is a reasonable probability that the result at trial would have been different. Strickland v. Washington, 466 U.S. at 694. Thomas offers, however, no explanation of how the outcome of his case was impacted by Zoeller's conduct. Thomas' unsubstantiated allegations of prejudice do not satisfy his burden. Id. Because his ineffective assistance of trial counsel claim would not have succeeded, Thomas was not prejudiced by the state law procedural default.
 
 
 12
 Neither is Thomas prejudiced by the default of his post-Miranda-silence claim. It also would not have succeeded on the merits. During direct examination of Detective Mary Wilson ("Wilson") the state's deputy prosecutor elicited that Thomas had been read his Miranda rights and said that he did not wish to make a statement at that time. The direct examination continued:
 
 
 13
 State: Did you then ask him any--meaning the defendant, Anthony Thomas--any questions?
 
 
 14
 [Objection sustained and jury admonished]
 
 
 15
 State: Uh, did the defendant then volunteer any information?
 
 
 16
 Wilson: Yes.
 
 
 17
 [Objection sustained]
 
 
 18
 State: Uh, you indicated that you'd asked Officer Gurnell if the defendant had been read his rights.
 
 
 19
 Wilson: Yes.
 
 
 20
 State: Okay. Uh, at that time was Officer Gurnell questioning him?
 
 
 21
 Wilson: No.
 
 
 22
 State: Was anyone ...
 
 
 23
 Wilson: Not to my knowledge.
 
 
 24
 State: Asking him anything? And did the defendant at that time, without solicitation, say anything?
 
 
 25
 [Objection sustained]
 
 
 26
 (R. 916-918). Thomas asserts that this line of questioning was an attempt by the prosecution--in violation of Doyle v. Ohio, 426 U.S. 610--to comment on his post-Miranda silence. This assertion is, however, incorrect. If the questioning is viewed in context, it is clear that the prosecutor was not commenting on Thomas' silence, but rather was attempting to elicit the fact that Thomas had willingly initiated a conversation after having previously invoked his Miranda rights. Officer Gurnell, the officer who had advised Thomas of those rights, previously testified that Thomas had volunteered information after his rights were read (R. 899-902). The disputed line of questioning was clearly designed to address these voluntary post-Miranda disclosures,[4] and was not--as Thomas speculates--designed to create an inference that Thomas was guilty because he had not defended himself after his rights were read. Thomas offers no support for his claim that the State's intent was to comment on his silence (or that the jury might reasonably have interpreted the questioning in this way). Moreover, even if Thomas' characterization of the dialogue were correct, Thomas' claim would not succeed because he fails to demonstrate how he was prejudiced by this alleged violation. Thomas' unsubstantiated allegations of prejudice are insufficient. Strickland v. Washington, 466 U.S. at 687.
 
 
 27
 Given that neither waived claim would have succeeded, this Court can find no reason to circumvent the procedural default of either the ineffective assistance of trial counsel claim or the post-Miranda -silence claim.[5] Thomas is, therefore, left with one active claim, ineffective assistance of appellate counsel. The crux of this argument appears to be that appellate counsel Charles Beck erred in not raising the post-Miranda-silence claim on direct appeal. But as this claim lacked merit, Beck's actions could not have affected the outcome of Thomas' direct appeal. Absent such prejudice, Thomas' ineffective assistance of counsel claim must fail. See Strickland v. Washington, 466 U.S. at 694 (petitioner must show that but for the counsel's unprofessional errors there was a reasonable probability that the result of the proceedings would have been different).
 
 
 28
 Thomas makes an additional claim in his brief to this Court. Thomas asserts that he was denied effective assistance of counsel by Beck's failure to substantiate adequately the two issues raised on direct appeal. This argument was not raised before the district court and is not adequately developed in the briefs. Therefore this court will not address it. Thomas has also argued throughout his post-conviction appeals that he was prejudiced by the failure of Beck or his replacement to file a reply brief on direct appeal to the Indiana Supreme Court, but he does not demonstrate how he was harmed by this omission. Thomas' unsubstantiated allegations of prejudice cannot alone overcome the presumption that Zoeller acted reasonably.
 
 
 29
 Thomas cannot demonstrate that he was prejudiced by the waiver of his ineffective assistance of trial counsel or post-Miranda-silence claims, so that his petition for habeas corpus on these grounds fails. And since Thomas has not stated a successful ineffective assistance of appellate counsel claim, his petition also fails on this ground. Although we reach the conclusion by a different route, the judgment of the district court is affirmed.
 
 
 
 *
 Honorable James B. Zagel, U.S. District Judge for the Northern District of Illinois, Eastern Division, is sitting by designation
 
 
 [1]
 Transfer was denied by the Indiana Supreme Court
 
 
 [2]
 The merits of this contention were, however, considered by the court of appeals in resolving Thomas' ineffective assistance of appellate counsel claim
 
 
 [3]
 As the district court noted, this is a deceivingly difficult case--a situation made no easier by the indirectness of argument in petitioner's brief
 
 
 [4]
 This line of questioning is appropriate. Phelps v. Duckworth, 772 F.2d 1410 (7th Cir.1985) (en banc ), certiorari denied, 474 U.S. 1011
 
 
 [5]
 Even if the merits of these claims had been reached, the discussion above makes clear that the outcome would have been the same